

Mar. 12, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SUNAIR SERVICES CORPORATION, a Florida Corporation

Plaintiffs,

v.

MICHAEL BRAUSER, an individual, MICHAEL HERMAN, an individual, and DRU SCHMITT, an individual, CHARLES KRAUSER, an individual, JOSEPH Q. DIMARTINI, an individual, BARRY HONIG, and individual, LEON BRAUSER, an individual, MASSEY SERVICES, INC., a corporation, and JOHN DOES 1-10

Defendants.
_____/

Case No.:

## 09-80417-Civ-MARRA/JOHNSON

## COMPLAINT

Plaintiff, Sunair Services Corporation ("Sunair"), by and through undersigned counsel, sues Defendants, Michael Brauser ("Michael Brauser"), Michael Herman ("Herman"), Dru Schmitt ("Schmitt"), Charles Krauser ("Krauser"), Joseph Q. DiMartini ("Martini"), Barry Honig ("Honig"), Leon Brauser ("Leon Brauser"), Massey Services, Inc. ("Massey") and John Does 1-10 (collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for temporary and permanent injunctive relief against Defendants in connection with violations of federal securities laws.

### JURISDICTION AND VENUE

2.  This action arises Sections 14(a) and 14(c) of the 1934 Exchange Act, and the rules and regulations promulgated thereunder by the Securities and Exchange Commission ("SEC").

FTL 356128.2

3.  Jurisdiction over the subject matter of this action is based upon 28 U.S.C. § 1331 and Section 27 of the 1934 Exchange Act, 15 U.S.C. § 78aa.

4.  Venue in this district is proper pursuant to Section 27 of the 1934 Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391.

## PARTIES

5.  Sunair is a publicly traded, Florida corporation. Through its wholly owned subsidiary, Middleton Pest Control, Inc., Sunair provides pest control and lawn care services to both residential and commercial customers.

6.  Defendant, Michael Brauser, is a United States citizen who resides in Broward County, Florida. Defendant Michael Brauser is a shareholder of Sunair.

7.  Defendant, Herman, is a United States citizen who resides in Colorado Springs, Colorado. Defendant Herman is a shareholder of Sunair.

8.  Defendant, Schmitt, is a United States citizen who resides in St. Louis, Missouri. Defendant Schmitt is a shareholder of Sunair.

9.  Defendant, Krauser, is a United States citizen who resides in Palm Beach County, Florida. Defendant Krauser is a shareholder of Sunair.

10. Defendant, DiMartini, is a United States citizen who resides in Clayton, Missouri. Defendant DiMartini is a shareholder of Sunair.

11. Defendant, Honig, is a United States citizen who resides in Palm Beach County, Florida. Defendant Honig is a shareholder of Sunair.

12. Defendant, Leon Brauser, is a United States citizen who resides in Palm Beach County, Florida. Defendant Leon Brauser is a shareholder of Sunair.

13. Defendant, Massey Services, Inc., is a Florida corporation, located at 315 Groveland Street, Orlando, Florida 32804. Massey is a shareholder of Sunair.

FTL 356128.2

2

14. John Does 1-10 are United States citizens who are shareholders of Sunair and whose identities and addresses are presently unknown. Following discovery it is anticipated that they will be added as additional Defendants.

15. Defendants have acted as agents for one another and co-conspirators in connection with the wrongful acts alleged in this Complaint, and the acts and statements made by one are attributable to and binding on all.

## FILINGS WITH THE SECURITIES AND EXCHANGE COMMISSION

16. On January 28, 2009, Sunair filed a Proxy Statement with the SEC, pursuant to Section 14(a) of the 1934 Exchange Act, in connection with its annual shareholders meeting to elect seven members of its Board of Directors.

17. On February 2, 2009, Defendants, Michael Brauser, Herman and Schmitt, filed a Schedule 14C Information Statement with the SEC ( "Schedule 14C Information Statement"). In the Schedule 14C Information Statement, Defendants, Michael Brauser, Herman and Schmitt, claimed to have executed consents for more than 50 percent of the outstanding shares of Sunair, and indicated that Sunair's current directors would be removed and replaced with Defendants, Michael Brauser, Leon Brauser, Herman, DiMartini and Schmitt, as well as with Scott Frohman and Gregory Sturgis.

18. On February 25, 2009, Defendants Michael Brauser, Herman and Schmitt, filed Amendment No. 1 to the Schedule 14C Information Statement ( "Amendment No. 1").

19. On March 6, 2009, Defendants Michael Brauser, Herman and Schmitt, filed Amendment No. 2 to the Schedule 14C ("Amendment No. 2").

20. On March 9, 2009, Defendants Michael Brauser, Herman and Schmitt, filed Amendment No. 3 to the Schedule 14C ("Amendment No. 3"). In Amendment No. 3,

Defendants, Michael Brauser, Herman and Schmitt, state that the following persons have orally agreed to sign written consents to replace the entire current Board of Directors, with Defendants, Michael Brauser, Leon Brauser, Herman, DiMartini and Schmitt, as well as with Scott Frohman and Gregory Sturgis: (1) Defendant Michael Brauser, (2) Defendant Herman, (3) Defendant Schmitt, (4) Defendant DiMartini, (5) Defendant Honig, (6) Defendant Leon Brauser, (7) Defendant Charles Krauser, (8) Gregory Sturgis, (9) Leroy Lanhuis, (10) Izzy Zalcberg, and (11) Defendant Massey.

## **DEFENDANTS' VIOLATIONS OF SECTIONS 14(A) AND 14(C)**

21.  As described more fully below, Defendants have failed and refused to file a preliminary or definitive written proxy statement, containing the information specified in Schedule 14(a). Nonetheless, under false cover of their Schedule 14C Information Statement, and amendments thereto, Defendants, by means or instrumentality of interstate commerce, have unlawfully solicited proxies from shareholders of Sunair, or have permitted the use of their names to solicit proxies from shareholders, without providing the requisite disclosures. Defendants Michael Brauser, Herman and Schmitt, also have made false and misleading statements of material fact in the solicitation of these proxies in violation of SEC Rules 14a-9 and 14c-6. Additionally, Defendants have conspired with each other and John Does 1-10 to violate the federal securities laws, including recruiting and encouraging others to violate Section 14A and the rules regulating proxy solicitations.

22.  As described more thoroughly below, Defendants', Michael Brauser, Herman and Schmitt, Schedule 14C Information Statement and Amendment Nos. 1, 2 and 3 thereto contain false and misleading statements.

23.  Commencing on or around February 2009 and continuing through the date of the

filing of the Complaint, Defendants have made use of a shareholders list and, by means of telephonic communication, have solicited shareholders of Sunair to provide proxies to them in connection with the removal of the present Board of Directors of Sunair.

24.     Defendants also knowingly have permitted the use of their names to solicit proxies from Sunair shareholders. Defendants, all of whom are listed in Amendment No. 3, expected to benefit from the proposed replacement of the directors, as all such Defendants either are listed in Amendment No. 3 as Board of Director nominees or part of the proposed control group of shareholders.

25.     At the time of the aforementioned solicitations, Defendants had not filed a preliminary or definitive written proxy statement, containing the information specified in Schedule 14(a).

26.     In order falsely to mask this illegal proxy solicitation, Defendants, Michael Brauser, Herman and Schmitt, in Amendment Nos. 1, 2 and 3 denied that they have engaged in any proxy solicitation when in fact, they know that such assertion is false. For example, Defendant Krauser, who is listed in Amendment Nos. 2 and 3 as a member of the control group, owning 80,000 shares, has admitted that he was directly solicited by telephone by Defendant Schmitt, who advised him that he was "going down the shareholders list" and soliciting other shareholders as well. Defendant Krauser then directly solicited, by means of telephone, other Sunair shareholders and indicated to one Sunair shareholder that he was "calling everyone" among the Sunair shareholders. Defendant Krauser even tried to solicit persons whom he believed to be, but were not, Sunair shareholders.

27.     In the Schedule 14C and Amendment Nos. 1, 2 and 3, Defendants, Michael Brauser, Herman and Schmitt, make false representations of fact and omit to state material facts

regarding Defendant Michael Brauser, who is the center of the conspiracy.

28. Defendants, Michael Brauser, Herman and Schmitt, omit to disclose Defendant Michael Brauser's checkered past, as detailed more fully below, including civil fraud litigation filed against Defendant Michael Brauser relating to his involvement with various public companies, a bankruptcy involving a company owned by Defendant Michael Brauser, and violations of SEC rules.

29. The civil fraud litigation relates to Defendant Michael Brauser, in his role as the former President, Chief Executive Officer and Director of Naviant, a company that delivered e-mail marketing campaigns to online consumers that was acquired by Equifax on August 15, 2002, via merger. On September 2, 2005, Equifax and Naviant filed an Amended Demand for Arbitration with the American Arbitration Association, alleging fraud, deceit and misleading misrepresentations by Defendant Michael Brauser. Specifically, Equifax alleged that Defendant Michael Brauser participated in the fraudulent creation of fictitious receivables and further participated in accounting overstatements that disguised Naviant's true financial condition.

30. Defendants, Michael Brauser, Herman and Schmitt, further omit to disclose that Equifax sued Defendant Michael Brauser for fraud and breach of contract in, *Equifax, Inc. v. Michael Brauser, et al.*, Case No. 04-80754 (S.D. Fla.) ("Federal Fraud Litigation") in the United States District Court for the Southern District of Florida.

31. Equifax alleges in the Federal Fraud Litigation that, in order to induce Equifax to enter into a merger with Naviant, Defendant Michael Brauser (a) hid low-priced "CPM" (Cost Per Thousand) e-mail transactions in order to inflate Naviant's effective CPM rate, (b) maintained one set of books for Naviant that was more accurate and complete and another that omitted the low-priced e-mail transactions, which Naviant provided to Equifax and its

accountants during merger negotiations, (c) misrepresented the volume and price of transactions that accounted for a large percentage of Naviant's pre-acquisition revenue, and (d) engaged in fictitious transactions with other email marketing companies to inflate Naviant's financial performance.

32. Defendants, Michael Brauser, Herman and Schmitt, further omit to disclose that the Federal Fraud Litigation was settled in exchange for, among other things, the payment to Equifax of the remaining amounts that remained in a $10,000,000.00 Escrow Fund that was set aside as security for the indemnification obligations of the selling shareholders of Naviant at the time of the merger agreement with Equifax.

33. Defendants, Michael Brauser, Herman and Schmitt, further omit to disclose that, after settlement of the Federal Fraud Litigation, Softbank Capital Partners ("Softbank"), a Naviant shareholder, sued Defendant Michael Brauser on March 24, 2008, in the Federal Fraud Litigation for breach of contract and indemnification for Defendant Michael Brauser's failure to pay Softbank his share of the millions of dollars of attorney's fees and costs incurred by Softbank in its capacity as the shareholders representative of Naviant. Softbank claims that "a substantial portion of Equifax's claims were meritorious" and Defendant Michael Brauser had been "intimately involved in carrying out various frauds at Naviant and covering up their misdeeds through threats and intimidation." Softbank also claims that Defendant Michael Brauser represented to Softbank that he was "judgment proof" as a result of transferring away all of his personal assets, with the exception of his Bentley automobile and personal computer. Trial is scheduled for July 27, 2009.

34. Defendants, Michael Brauser, Herman and Schmitt, further omit to disclose that Defendant Michael Brauser also was sued on January 30, 2009, for fraud and breach of fiduciary

duty in *Kast v. The Tube Media Corp.*, 09-06285, in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida ("State Fraud Litigation"), in connection with Defendant Michael Brauser's role as a Director of The Tube Media Corp., a publicly traded company that ceased operation in October 2007. Specifically, Defendant Michael Brauser is accused of knowingly withholding payroll taxes from employees without remitting them to the government, filing materially false and misleading financial reports, and intentionally making misrepresentations of material facts.

35. Defendant Michael Brauser also was a member of The Tube Media Corp.'s Board of Directors' Compensation Committee, Nominating and Corporate Governance Committee and Audit Committee. Defendants, Michael Brauser, Herman and Schmitt, fail to disclose that The Tube Media Corp. was delisted from the OTC bulletin board after it "did not conduct an audit of its year ended December 31, 2006, financial statements and did not file a Form 10-KSB as required by SEC Rules."

36. Defendants, Michael Brauser, Herman and Schmitt, selectively disclose Mr. Brauser's relationship with some companies during the timeframe from 1999 to the present, but neglect to disclose his relationship with others. For example, they fail to disclose that Defendants, Michael Brauser and Leon Brauser, were owners of a telecommunications firm, The Telephone Co. of Central Florida, which filed for bankruptcy, see *In re Telephone Co. of Central Florida, Inc.*, Case No. 6:98-bk-04587-ABB (M.D. Fla.) ("Telephone Co. Bankruptcy"), and that Defendant Michael Brauser was sued in an adversary proceeding on May 25, 2000, related to the Telephone Co. Bankruptcy. *The Official Committee of Unsecured Creditors v. Michael Brauser*, Adversary Case No. 00-125 (M.D. Fla.).

37. Defendant Michael Brauser also fails to disclose that his true motivation in affecting a change in control in Sunair is to sell the company for less than fair market value to Massey, a competitor of Sunair, in order for Defendant Michael Brauser to earn a $1,000,000.00 commission under a side-agreement which appears to violate Florida law, because Defendant Michael Brauser is not a broker/dealer. Although Defendants disclose that Defendant Michael Brauser may be paid this $1,000,000.00 fee if Massey acquires all of the outstanding securities of Sunair or acquires substantially all of the assets, Defendant Michael Brauser does not disclose that his personal enrichment through this $1,000,000.00 commission is his true motivation in affecting a change in control.

## COUNT I
### (Violation of Section 14(a) of the 1934 Exchange Act and SEC Rules promulgated thereunder vs. All Defendants)

38. Sunair realleges the allegations contained within Paragraphs 1 through 37 above, as if fully alleged herein.

39. Defendants have engaged in an unlawful solicitation of proxies in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-3 and 14a-9.

40. Sunair has a substantial likelihood of success on the merits.

41. If this Court does not issue a preliminary and permanent injunction, Sunair will suffer irreparable harm if the Court does not issue an injunction.

42. Sunair has no adequate remedy at law.

43. The threatened injury to Sunair outweighs the harm an injunction may cause Defendants.

44. An injunction, if issued, will not disserve the public interest.

WHEREFORE, Sunair requests (a) a declaration that Defendants' acts and omissions violate Section 14(a) of the '34 Act and the rules promulgated thereunder, (b) a declaration

invalidating and voiding all consents and proxies obtained by Defendants, (c) entry of a preliminary and permanent injunction against Defendants, prohibiting them from engaging in unlawful proxy solicitation, and prohibiting Defendants from voting any proxies or consents they have obtained, (d) establishing a 90-day cooling off period before Defendants can commence any further activity calculated to obtain consents or proxies, and (e) after expiration of the 90-day cooling off period, ordering Defendants to comply with Section 14(a) in the event that they seek to re-solicit proxies, together with any such other and further relief as the Court may deem just and proper.

### COUNT II
### (Violation of Section 14(c) of the '34 Act and SEC Rules promulgated thereunder vs. Defendants, Michael Brauser, Herman and Schmitt)

45. Sunair realleges the allegations contained within Paragraphs 1 through 37 above, as if fully alleged herein.

46. Defendants, Michael Brauser, Herman and Schmitt, willfully have made false and misleading statements with respect to material facts and/or omissions of material facts in its Schedule 14C Information Statement, Amendment No. 1, Amendment No. 2 and Amendment No. 3.

47. The Schedule 14C Information Statement, Amendment No. 1, Amendment No. 2 and Amendment No. 3 were essential links in accomplishing Defendants' proposed removal and replacement of Sunair's Board of Directors.

48. Sunair has a substantial likelihood of success on the merits.

49. Sunair will suffer irreparable harm if the Court does not issue an injunction.

50. Sunair has no adequate remedy at law.

51. The threatened injury to Sunair outweighs the harm an injunction may cause

Defendants.

52. An injunction, if issued, will not disserve the public interest.

WHEREFORE, Sunair requests (a) a declaration that Defendants', Michael Brauser, Herman and Schmitt, acts and omissions violate Section 14(c) of the '34 Act and the rules promulgated thereunder, (b) entry of preliminary and permanent injunction, requiring Defendants, Michael Brauser, Herman and Schmitt, to make corrective disclosures, (c) entry of a preliminary and permanent injunction against Defendants, prohibiting them from engaging in unlawful proxy solicitation, and prohibiting Defendants from voting any proxies or consents they have obtained, (d) establishing a 90-day cooling off period before Defendants can commence any further activity calculated to obtain any change in control, and (e) after expiration of the 90-day cooling off period, ordering Defendants to comply with Section 14(c) in the event that they seek to re-solicit proxies, together with any such other and further relief as the Court may deem just and proper.

GUNSTER, YOAKLEY & STEWART
Attorneys for Sunair Services Corporation
Las Olas Centre, Suite 1400
450 East Las Olas Boulevard
Fort Lauderdale, FL 33301
Telephone: 954-462-2000
Facsimile: 954-523-1722

By: _____
Robert S. Hackleman
Florida Bar No. 284041
Michael W. Marcil
Florida Bar No. 091723

**09-80417-Civ-MARRA/JOHNSON**

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

FILED Mar. 12, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
SUNAIR SERVICES CORPORATION

**DEFENDANTS**
MICHAEL BRAUSER, MICHAEL HERM[AN],
CHARLES KRAUSER and JOHN DOES 1-10,

(b) County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Broward
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert S. Hackleman, Esq., Gunster, Yoakley & Stewart, P.A.
450 E. Las Olas Blvd., Suite 1400, Fort Lauderdale, FL 33301
(954) 462-2000

Attorneys (If Known)
09cv 80417-KAM/LRJ

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☑ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**
This is an action for injunctive relief, arising out of Section 14 of the Securities Exchange Act of 1934
LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 3/12/09

FOR OFFICE USE ONLY
AMOUNT 350.00    RECEIPT # 545117    IFP